**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 8 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ERIC PAUL HERRON,

        Petitioner - Appellant,

v.

GARY L. GIBSON,

        Respondent - Appellee.

No. 01-6301
(D.C. No. 00-CV-1135-M)
(W.D. Oklahoma)

---

**ORDER AND JUDGMENT** *

---

Before **EBEL**, **HOLLOWAY**, and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Eric Paul Herron, a state prisoner appearing *pro se*, seeks a certificate of appealability (COA) in order to appeal the district court's denial of his 28 U.S.C.

---

\* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

§ 2254 habeas corpus petition. *See* 28 U.S.C. § 2253(c)(1)(A). Because petitioner has not "made a substantial showing of the denial of a constitutional right," this court denies his request for a COA and dismisses this appeal. *Id*. § 2253(c)(2).

Petitioner was convicted in Oklahoma state court of rape, burglary, and robbery. Although he raised numerous claims in his § 2254 petition, he raises only one in his application for COA. He contends the state trial judge should have suppressed evidence he claims was gathered while he was in custody because the state held him in custody for more than forty-eight hours without a probable cause hearing, in contravention of the Supreme Court's holding in *County of Riverside v. McLaughlin*, 500 U.S. 44 (1991). Petitioner raised this Fourth Amendment suppression of evidence issue on direct appeal to the Oklahoma Court of Criminal Appeals.

Because petitioner had a full and fair opportunity to litigate this issue in state court, the magistrate judge concluded that petitioner's Fourth Amendment claim was barred from consideration pursuant to *Stone v. Powell*, 428 U.S. 465, 494 (1976) (holding that a Fourth Amendment claim is barred from federal collateral attack in habeas proceedings where the state has provided an opportunity for full and fair litigation of those claims). Upon *de novo* review of the magistrate judge's report and recommendation and petitioner's objections

thereto, the district court adopted the report and recommendation and denied the § 2254 habeas petition.

This court may issue petitioner a COA only if he "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). He can make such a showing by demonstrating "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation omitted). This court has closely reviewed petitioner's application for a COA and appellate brief, the district court's order, and the entire record on appeal. That review demonstrates that the district court's resolution of petitioner's suppression of evidence claim is not reasonably debatable and that the issues he seeks to present on appeal are not deserving of further proceedings.

Accordingly, we DENY petitioner's request for a COA and DISMISS this appeal for substantially those reasons set out in the magistrate judge's report and recommendation dated June 28, 2001, as adopted by the district court's order

dated July 27, 2001.  Petitioner's request to proceed on appeal *in forma pauperis*

is GRANTED.  The mandate shall issue forthwith.

                                                Entered for the Court


                                                William J. Holloway, Jr.
                                                Circuit Judge